**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS and AMERICAN ASSOCIATION OF ORTHOPAEDIC SURGEONS,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Case No. 12 C 3863** |
| **MARK J. CERCIELLO,** | ) ) | |
| **Defendant.** | ) ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The American Academy of Orthopaedic Surgeons and the American Association of Orthopaedic Surgeons (collectively AAOS) have filed a complaint against Mark Cerciello seeking a declaratory judgment that AAOS legally suspended Cerciello's membership in AAOS, properly adhered to its internal grievance procedure in doing so, and lawfully and accurately reported the suspension to its membership and to the National Practitioner Data Bank (NPDB). Cerciello has moved to dismiss the complaint based on improper venue, failure to join an indispensable party, and lack of subject matter jurisdiction. Alternatively, Cerciello has moved to transfer the case to the Eastern District of Pennsylvania. For the reasons stated below, the Court denies Cerciello's motion to dismiss but stays part of this action due to ongoing administrative proceedings.

**Background**

AAOS is a non-profit, voluntary organization for orthopaedic surgeons based in Rosemont, Illinois. Cerciello is an orthopaedic surgeon from Pennsylvania who has been a member of AAOS for approximately forty years.

The dispute that led to this action arose from AAOS's suspension of Cerciello's membership. AAOS maintains a Professional Compliance Program in which it adjudicates its members' grievances based on alleged violations of its Standards of Professionalism (SOPs). A provision of the SOPs governs orthopaedic expert witness testimony and applies to AAOS members when providing expert opinions. These standards require any AAOS expert witness testifying in a medical malpractice action to provide fair and impartial testimony and to evaluate the medical care given by the defendant against generally accepted standards.

In July 2010, Menachem Meller, another AAOS member who also resides in Pennsylvania, filed a grievance with the Professional Compliance Program alleging that Cerciello had violated AAOS's SOPs on orthopaedic expert witness testimony when he submitted an expert report on behalf of a plaintiff who had sued Meller for medical malpractice in Pennsylvania. Pursuant to its bylaws, AAOS notified Cerciello that a grievance had been filed, provided him a copy of the grievance procedures, and advised him of his deadline to submit a response. Cerciello did not respond. The grievance process culminated in a merits hearing. Cerciello was notified of the hearing but did not attend. In September 2011, the AAOS found that Cerciello had violated certain SOPs regarding orthopaedic expert witness testimony and suspended him for

two years.  AAOS subsequently reported Cerciello's suspension to its membership and to the NPDB.

On April 19, 2012, a lawyer representing Cerciello sent AAOS a letter threatening litigation.  The lawyer stated that AAOS had used a flawed process to suspend Cerciello and contended that AAOS or Meller had publicized the suspension.  He demanded that AAOS rescind the suspension and notify everyone to whom it had reported the suspension that the report was erroneous.  The attorney said that unless AAOS complied within ten days, he would file suit asserting claims for libel, slander, and false light.  Compl., Ex. A.  After responding, AAOS received a second letter from Cerciello's attorney, dated May 2, 2012.  The attorney referred to recent litigation involving Meller and AAOS and again demanded that AAOS take immediate steps to remove Cerciello's name from the NPDB.  *Id.*, Ex. B.  AAOS received the second letter on May 7, 2012.  *See id.* (date stamp).  AAOS filed this action eleven days later, on May 18, 2012.

## Discussion

### 1.    Subject matter jurisdiction

Cerciello contends that AAOS is seeking an "advisory opinion" and that this action does not present a case or controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

Section 2201 permits a district court to issue a declaratory judgment "In a case of actual controversy within its jurisdiction."  28 U.S.C. § 2201(a).  The Supreme Court has ruled that this standard is met if "under all the circumstances, . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and

reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

AAOS alleges that it filed suit against Cerciello due to, among other things, his threats of litigation and his attacks on AAOS's grievance procedures. Given this context, AAOS meets the section 2201 standard if it can show that Cerciello's threat of litigation was "immediate and real, rather than merely speculative." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002); *see also Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1353 (7th Cir. 1987). Apprehension of litigation alone does not make a threat immediate and real, but it can do so if the apprehension is caused by the defendant's conduct. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1211 (7th Cir. 1980); *Underwriters Labs. Inc. v. Hydrofilm L.P.*, No. 05 C 5509, 2006 WL 2494748, at *2 (N.D. Ill. Aug. 23, 2006).

AAOS's allegations are sufficient to show that there is an actual controversy within the meaning of section 2201. The letters from Cerciello's attorney, in which he specifically said that he would file suit unless AAOS immediately rescinded Cerciello's suspension and took other steps, amounted to an "immediate and real" threat of litigation, not a speculative one. *See Hyatt Int'l Corp.*, 302 F.3d at 712.

When a case presents an actual controversy, a court nonetheless may exercise its discretion to decline to issue a declaratory judgment. *Int'l Harvester Co.*, 623 F.2d 1207, 1217 (7th Cir. 1980); *see also Medical Assur. Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of

practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Cerciello argues that there is a pending parallel administrative proceeding that "includes all necessary parties and will resolve the issues." Def.'s Opening Mem. at 8. The existence of an adequate parallel proceeding can be a factor in determining whether to issue a declaratory judgment. *See Medical Assur. Co.*, 610 F.3d at 379. Cerciello has not shown, however, that the proceeding he references is either adequate or parallel. AAOS does not dispute Cerciello's contention that there is a pending administrative proceeding, so the Court takes that contention as true for present purposes. The regulations governing the NPDB provide an administrative remedial procedure for a health care practitioner to "dispute the accuracy of information in the NPDB" after it has been reported. 45 C.F.R. § 60.16(a). To initiate a dispute, a health care practitioner like Cerciello must inform both the Secretary of Health and Human Services and the reporting entity (in this case AAOS) of his complaint regarding the report and the basis for the complaint. *Id* § 60.16(b). The reporting entity then has an opportunity to revise the reported information on its own. *Id.* § 60.16(c). If the reporting entity instead contests the practitioner's complaint, the Secretary reviews written information submitted by both parties in support of their positions. *Id.* The Secretary then either issues a decision explaining why the report was accurate or corrects the disputed information and gives notice of the revisions to those who received a report containing the incorrect information. *Id.*

Cerciello says that he has initiated this remedial process with regard to AAOS's report and that the matter is pending before the Secretary. He has provided no

5

information, however, regarding when he filed the proceeding, its current status, or even whether AAOS has been notified that Cerciello has challenged its report. That aside, however, Cerciello has given the Court no basis to believe that any proceeding before the Secretary will resolve a number of the key issues in the present case. On its face, the regulation governing the proceeding suggests that the Secretary considers only whether the report to the NPDB was accurate – i.e., whether it accurately reports some event that took place – and perhaps whether the event is properly reportable under the statute and regulations governing the NPDB. There is no basis to believe, however (and Cerciello has offered none), that the Secretary will adjudicate other significant matters at issue in this case, including the adequacy of AAOS's procedures and the propriety of its grievance and suspension process.

Cerciello also suggests that AAOS's claims run afoul of the doctrine of exhaustion of administrative remedies, given the claimed pendency of the dispute before the Secretary. Where, as in this case, Congress has not specifically required exhaustion in the applicable statute, sound judicial discretion governs. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). *Id.* at 144. In determining whether an administrative procedure should be exhausted, courts "must balance the interests of the individual in retaining prompt access to a federal judicial forum against the countervailing institutional interests favoring exhaustion." *Id.* at 146.

As the Court has just indicated, Cerciello has provided the Court no basis to believe that any decision by the Secretary regarding the accuracy of AAOS's submission to the NPDB would put the present litigation to rest. It is also worth remembering that AAOS's declaratory judgment claim is, for the most part, essentially

the flip side of Cerciello's threatened lawsuit challenging the propriety of AAOS's

grievance process and the procedures it used in Cerciello's case.  There is no basis in

law to believe that Cerciello would have had to exhaust the entirety of the Secretary's

administrative dispute resolution process before filing suit.  That being the case, there is

likewise no basis to impose administrative exhaustion as a prerequisite for AAOS's

declaratory judgment claim.

**2.      Necessary party / primary jurisdiction**

Cerciello also contends that the case should be dismissed because AAOS failed

to join the Secretary as a necessary and indispensable party.  Dismissal for failure to

join a necessary party under Federal Rule of Civil Procedure 19 involves a two-step

inquiry.  The first question is whether the absent party is necessary, meaning that the

party is one that should be joined if feasible.  *Davis Cos. v. Emerald Casino, Inc.*, 268

F.3d 477, 481 (7th Cir. 2001).  In making this determination, a court considers whether

complete relief can be accorded among the current parties absent joinder; whether the

absent party's ability to protect its own interest will be impaired; and whether the

existing parties will be subjected to the risk of inconsistent or multiple obligations absent

joinder.  *Id.*; *see* Fed. R. Civ. P. 19(a)(1).  If the court concludes that the party should be

joined but that it cannot be, it must decide whether the litigation can proceed in that

party's absence.  *Davis Cos.*, 268 F.3d at 481.

Cerciello has failed to show that the Secretary is a necessary party, given the

claims as they now stand.  The Secretary's absence would not affect the Court's ability

to accord relief as between AAOS and Cerciello, nor does the Secretary have any

interest of her own that she would be unable to protect if she is not joined.  Because the

Secretary is not a necessary party within the meaning of Rule 19, the Court need not consider whether the litigation may properly proceed in her absence.

That said, Cerciello's argument – or perhaps the interplay between his necessary party argument and his exhaustion of remedies argument – brings into play the doctrine of primary jurisdiction. This doctrine applies to a claim that is cognizable in the court, but whose resolution rests within the competence of an administrative agency. *See United States v. Western Pacific R. Co.*, 352 U.S. 59, 63-64 (1956). This doctrine serves the interest of judicial economy by referring a dispute to an agency that knows more about it, thus obviating the need for a court to intervene. *Ryan v. Chemlawn Corp.*, 935 F.2d 129, 131 (7th Cir. 1991).

Part of the relief that AAOS seeks in this case implicates directly the dispute that Cerciello contends is currently pending before the Secretary. Specifically, AAOS seeks a declaratory judgment that, among other things, "the AAOS was authorized to report Dr. Cerciello's suspension to the National Practitioner Data Bank" and "the reports of Dr. Cerciello's suspension that were made by the AAOS were accurate in all respects." *See* Compl. at 21. It appears to the Court that the Secretary is likely to be called upon to decide the first of these points and, perhaps, part of the second (in particular, the part that concerns AAOS's report to the NPDB).

There is no fixed formula for applying the doctrine of primary jurisdiction. *Western Pacific R. Co.*, 352 U.S. at 64. Its application depends on the facts of the case. *Gross Common Carrier, Inc. v. Baxter Healthcare Corp.*, 51 F.3d 703, 706 (7th Cir. 1995). Where the issue in question is a matter of law, referral to an agency is typically unnecessary. *See Baltimore & Ohio Chicago Terminal R.R. Co. v. Wisconsin Cent.*

*Ltd.*, 154 F.3d 404, 411 (7th Cir. 1998); *Gross Common Carrier*, 51 F.3d at 706 n. 3.

When the issue is a question of fact, however, a court should stay the case to permit the

appropriate administrative agency to decide it. *Reiter v. Cooper*, 507 U.S. 258, 268

(1993).

The Court finds the doctrine of primary jurisdiction applies to the aspects of

AAOS's claims that the Secretary will be called upon to decide. Those issues concern

the accuracy of AAOS's report to the NPDB and whether AAOS properly reported the

matter at all. The Secretary is specifically tasked with resolving issues of this sort, both

of which involve factual questions.

That does not mean, however, that the Court will stay this action in its entirety.

As indicated earlier, there is no basis to believe that the Secretary will consider, let

alone decide, questions regarding the propriety of AAOS's grievance process or the

procedures it applied in Cerciello's case. The Court therefore will stay this case only

with respect to AAOS's request for a declaratory judgment regarding the accuracy of its

report to the NPDB and whether the suspension was a reportable matter. *See*

*Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, No. 00 C 1164, 2003 WL

259142, at *8 (N.D. Ill. Feb. 4, 2003) (staying case in part pending resolution of one

issue before a federal agency but proceeding to dismiss other claims).

**3.    Venue**

Cerciello challenges AAOS's choice of venue. On a motion to dismiss for

improper venue, the plaintiff bears the burden of establishing that the venue is proper.

*Electroplated Metal Solutions, Inc. v. Am. Services, Inc.*, 500 F. Supp. 2d 974, 976 (N.D.

Ill. 2007). In deciding the issue, the Court takes all of the allegations in the complaint as

true unless contradicted by affidavit. *Promero, Inc. v. Mammen*, No. 02 C 1191, 2002 WL 31455970, at *7 (N.D. Ill. Nov. 1, 2002). The Court must also resolve all factual conflicts and draw all reasonable inferences in the plaintiff's favor. *Id.*

Cerciello argues that venue is improper in this district because he lives in Pennsylvania. Cerciello notes that in alleging venue in the complaint, the AAOS cited a forum selection provision contained in its bylaws. Cerciello argues that the forum selection provision does not apply in this case. The forum selection provision states:

> [A]ny legal action challenging a decision of the Board of Directors under the Professional Compliance Program shall be filed under the jurisdiction and venue of the Circuit Court of the County of Cook, State of Illinois, or the U.S. District Court of the Northern District of Illinois.

Compl. ¶ 16, Ex. D at 20. Cerciello argues that by its plain language, the forum selection clause applies only to those who have filed a legal action challenging a decision of AAOS's board of directors. He contends that because he did not file suit, the forum selection provision does not apply.

The Court need not decide whether the forum selection clause establishes venue. As AAOS notes both in its complaint and its response to the motion to dismiss, completely apart from any provision in the bylaws, venue in a diversity action like this one is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

AAOS has alleged a number of events that occurred in this district that form the basis of this declaratory judgment action. Specifically, AAOS alleges that it administered the grievance procedure and conducted its hearings and deliberations regarding Cerciello's suspension in Rosemont, Illinois. AAOS also alleges that it issued the reports of Cerciello's suspension to its membership and the NPDB from Rosemont.

Cerciello does not dispute these allegations. Accordingly, AAOS has met its burden in establishing that a substantial part of the events giving rise to its declaratory judgment action occurred in this district. For this reason, the Court concludes that venue is proper here.

## 4.    Transfer

Finally, Cerciello asks this Court to transfer the case to the Eastern District of Pennsylvania. For the convenience of the parties and witnesses, and in the interest of justice, this Court may "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

The first question is whether this action could have been brought in Pennsylvania. In a diversity suit, venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated, and (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Because Cerciello, the only defendant, is a Pennsylvania resident, venue in the proposed transferee district would be proper under subsection (1).

AAOS contends, however, that the forum selection clause in its bylaws renders that otherwise proper venue improper. The Court disagrees. Even assuming that the forum selection clause in AAOS's bylaws applies, it does not necessarily prevent transfer under section 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30

(1988) (holding that, when determining whether to transfer a case, courts must consider both the forum selection clause and "weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness."); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("Despite the existence of a valid forum-selection clause, courts may still transfer a case under [section] 1404(a)").

In assessing the convenience of each proposed forum, the Court considers: (1) the plaintiff's choice of forum; (2) the location of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). Deference is given to a plaintiff's chosen forum, and Cerciello bears the burden of showing that the Eastern District of Pennsylvania is "clearly more convenient" than the Northern District of Illinois. *Heller Fin.*, 883 F.2d at 1293; *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664-65 (7th Cir. 2003).

Cerciello argues that this case should be transferred because Meller, Meller's attorney, and the witnesses from the malpractice litigation in which he gave his expert opinion all live in Pennsylvania. But this suit, at least in its current form, focuses on the AAOS's grievance procedure and the propriety of its decision to suspend Cerciello. The witnesses relevant to those points appear to be largely, if not entirely, in Illinois.

Cerciello also seeks transfer on the ground that he is elderly and has health problems. But Cerciello's allegation of poor health is not supported with an affidavit, nor does he describe what it is about his health that would make it "probably . . . impossible" for him to litigate in Illinois. Def.'s Opening Mem. at 3. This vague allegation does not

provide a sufficient basis for transferring the case to Pennsylvania.  The Court also

notes that there likely will be no need for Cerciello to travel to this state for purposes of

the lawsuit unless and until it goes to trial.  Though the Court does not rule out the

possibility of transfer at a later point if Cerciello is able to make a sufficient showing

under section 1404(a), at this point he has not met his burden of proving that the

Eastern District of Pennsylvania is a clearly more convenient forum.

### Conclusion

For the foregoing reasons, the Court denies defendant's motion to dismiss or to

transfer [docket no. 20] but stays this action in part, as described above, pending an

administrative ruling by the Secretary of Health and Human Services on the points in

question.  The Court directs defendant to answer the complaint and file any

counterclaims by no later than December 8, 2012.  Both sides' Rule 26(a)(1)

disclosures are to be made by that same date.  The case is set for a status hearing and

scheduling conference by telephone on December 12, 2012 at 9:00 a.m.  Plaintiff's

counsel is to get defendant's counsel on the telephone and call chambers (312-435-

5618).  Before the conference, counsel are to discuss and attempt to agree upon a

discovery and pretrial schedule.

MATTHEW F. KENNELLY
United States District Judge

Date:  November 10, 2012