# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AMERICAN ACADEMY OF )
ORTHOPAEDIC SURGEONS and )
AMERICAN ASSOCIATION OF )
ORTHOPAEDIC SURGEONS, )
                                      )
            Plaintiffs, )
                                      )      Case No. 12 C 3863
      vs. )
                                      )
MARK J. CERCIELLO, )
                                      )
            Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      The American Academy of Orthopaedic Surgeons and the American Association of Orthopaedic Surgeons (collectively AAOS) have sued Dr. Mark Cerciello, seeking a declaratory judgment. The Court previously denied Dr. Cerciello's motion to dismiss the case for improper venue or alternatively to transfer the case to the Eastern District of Pennsylvania, where he resides. *See Am. Academy of Orthopaedic Surgeons v. Cerciello*, No. 12 C 3863, 2012 WL 5471108 (N.D. Ill. Nov. 9, 2013). Dr. Cerciello has renewed the motion.

      AAOS's suit against Dr. Cerciello stems from his threat to challenge AAOS's decision to suspend his membership and its reporting of the suspension to the National Practitioner Data Bank (NPDB). AAOS seeks a declaratory judgment that it acted appropriately in doing so. The suspension proceedings and AAOS's decision to report the matter to the NPDB all took place in this district. Dr. Cerciello has answered the

complaint and has not filed any counterclaims.

With his motion, Dr. Cerciello submits affidavits by himself and two of his treating physicians. The affidavits reflect that Dr. Cerciello is seventy-four years old and suffers from cardiac arrhythmia, Type 2 late onset diabetes, hypertension, serious peripheral neuropathy, and obesity. He is unable to walk unassisted and uses a walker to travel short distances. His internist and his cardiologist (two of the affiants) say that he cannot travel to Chicago without grave risk to his health, and they strongly recommend that he not even attempt to travel here. AAOS does not contest the accuracy of these affidavits, and the Court takes them as true.

The grievance filed with the AAOS against Dr. Cerciello arose from his rendering an expert opinion in a medical malpractice case that was filed in Pennsylvania against Dr. Menachem Meller. In his renewed motion to transfer, Dr. Cerciello identifies a number of witnesses relating to the malpractice litigation, all of whom he says reside within the Eastern District of Pennsylvania: Dr. Meller, the plaintiff who sued Dr. Miller and his lawyer, the other physicians who treated that plaintiff, and the insurance adjusters involved in settling the lawsuit against Dr. Meller. Dr. Cerciello also notes that none of the seven physicians who were members of the hearing panel that decided the AAOS grievance lives in Illinois. Rather, they live in Hollywood, Florida (two of the physicians); La Jolla, California; Grass Valley, California; Chattanooga, Tennessee; Salem, Massachusetts; and Chestnut Hill, Massachusetts. The majority of them live closer to the Eastern District of Pennsylvania than to this district.

AAOS does not dispute the location of any of these persons. It argues that Dr. Cerciello has failed to show that the witnesses he has identified from the medical

malpractice litigation against Dr. Miller are relevant witnesses regarding the pending dispute.  AAOS does not contend, however, that the hearing panel members are not pertinent witnesses.  Rather, it argues only that the panel members met in this district, specifically, in Rosemont, Illinois.  AAOS also appears to contend that the Court, in its decision on the original motion to transfer, has already found that the relevant witnesses are all in Illinois (this is incorrect; the Court said that that this "appear[ed]" to be the case, but it has more information about the topic now than it did then).  AAOS's primary argument, however, is that its choice of forum is entitled to substantial weight and that by virtue of a forum selection term appearing in its by-laws, a term that AAOS says applies to the present suit, Dr. Cerciello has waived the right to assert his own inconvenience as a basis for transfer.

Dr. Cerciello's motion to transfer arises under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  It is undisputed that venue would be proper in the Eastern District of Pennsylvania.  Under section 1404(a), the moving party bears the burden of showing, "by particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).  "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 553 (7th Cir. 2001) (internal quotation marks omitted).

In evaluating the convenience of the parties and the witnesses, the Court considers "(1) the plaintiff's choice of forum, (2) the situs of material events, (3) the

3

relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The first two of these factors weigh against transfer. AAOS selected its home forum, and as indicated earlier the material events, which focus on the grievance by Dr. Meller, its determination, and AAOS's decision to report the matter to the NPDB, all took place in this district. The factor concerning access to sources of proof, which the parties do not discuss, does not tip the scale one way or the other. The factor of convenience of the witnesses weighs to some extent in favor of transfer. It appears to the Court that the likely witnesses are those involved in some way in the hearing (Dr. Cerciello has offered no explanation for why the witnesses he has identified relating to the malpractice suit against Dr. Meller would be pertinent witnesses in the present case). These include Dr. Meller, who is in Pennsylvania, and the panel members, none of whom is located in Chicago and more than half of whom are located closer to the Eastern District of Pennsylvania than to this district. It is reasonable to assume that the depositions of each of these witnesses would have to take place where they live, but were the case to go to trial, assuming they attended, a trial in the Eastern District of Pennsylvania would be somewhat more convenient to most of them than a trial in this district. AAOS has not identified any other likely witnesses.

The remaining "convenience" factor involves the convenience of the parties. It would, of course, be more convenient for AAOS to litigate in its home forum, which is presumably why it filed suit here in the first place. But AAOS does not identify any particular or unusual hardship that it would experience were the case transferred to the Eastern District of Pennsylvania. Dr. Cerciello, by contrast, has offered clear and

4

unrebutted evidence that he would experience severe hardship were the case to be litigated here. As the Court noted in its earlier decision, it is highly unlikely that Dr. Cerciello would have to come to this district at any point prior to trial, but the Court is required to consider the burdens on the parties from the litigation as a whole. Absent transfer, a trial would take place here, and it is undisputed that Dr. Cerciello would be unable to attend. AAOS says that he could appear by video, but the Court's considerable experience with witnesses testifying by video (either by video hookup or by playing a video deposition) leads it to believe that this is anything but an adequate substitute for live testimony, particularly when it involves a party to the case. The Court therefore concludes that the factor of convenience of the parties weighs quite heavily in favor of transfer.

The Court rejects AAOS's contention that by virtue of the forum selection term in the AAOS bylaws, Dr. Cerciello gave up the right to assert his own inconvenience. *See* Pl.'s Resp. to Def.'s Mot. to Transfer at 9 n.5 (citing cases). The forum selection term says that "any legal action challenging a decision of the Board of Directors under the Professional Compliance Program" shall be filed in the Circuit Court of Cook County, Illinois or in this district. Compl. ¶ 16, Ex. D at 20. This provision, by its terms, does not apply to AAOS's lawsuit. This lawsuit is not an action challenging a decision by the AAOS; rather, it is a preemptive strike by AAOS seeking a ruling that it acted appropriately. The Court notes that Dr. Cerciello has not filed a counterclaim challenging the AAOS's actions, and the time for him to do so passed when he filed his answer without asserting a counterclaim, absent an extension by the Court (which Dr. Cerciello has not sought). *See* Fed. R. Civ. P. 13(a)(1). As a result, there is no "legal

5

action" by him challenging the AAOS's decisions. The forum selection term does not govern, and it certainly does not preclude Dr. Cerciello from citing his own inconvenience.

Neither party cites or relies on any of the public-interest factors often considered in deciding a motion to transfer, so the Court likewise bypasses those points.

The Court gives significant weight to AAOS's choice of its home forum and the other factors disfavoring transfer. But the severe hardship that litigating here would impose upon Dr. Cerciello tilts the balance heavily in favor of transfer, and the factor of convenience of the witnesses tilts to some extent in that way as well. These factors outweigh AAOS's choice of its home forum. Together, these factors clearly establish that the Eastern District of Pennsylvania is a more convenient forum than this district and that transfer is appropriate.

For these reasons, the Court grants defendant's motion to transfer venue [dkt. no. 28]. The Clerk is directed to transfer this case to the Eastern District of Pennsylvania.

                                             _____
                                             MATTHEW F. KENNELLY
                                             United States District Judge

Date: April 16, 2013

6